## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRETT CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-10-53-FHS-SPS** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of the Social** | ) | |
| **Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

The claimant Brett Clark requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled.  For the reasons set forth below, the Commissioner's decision should be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]"  42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work

which exists in the national economy[.]" *Id*. § 423 (d)(2)(A).  Social security regulations

implement a five-step sequential process to evaluate a disability claim.  *See* 20 C.F.R. §§

404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision

to two inquiries: whether the decision was supported by substantial evidence and whether

correct legal standards were applied.  *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th

Cir. 1997).  Substantial evidence is "'more than a mere scintilla. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"

*Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.

NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th

Cir. 1996).  The Court may not reweigh the evidence or substitute its discretion for the

Commissioner's.  *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799,

800 (10th Cir. 1991).  But the Court must review the record as a whole, and "[t]he

substantiality of evidence must take into account whatever in the record fairly detracts

---

[1]  Step One requires the claimant to establish that he is not engaged in substantial gainful activity.  Step Two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities.  If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied.  If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry.  Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity ("RFC") to return to his past relevant work.  At step five, the burden shifts to the Commissioner to show that there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience, and RFC.  Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work.  *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was born December 29, 1968, and was thirty-eight years old at the time of the administrative hearing (Tr. 25, 97). He has a GED (Tr. 25-26, 138), and has been employed as a lawn care worker (Tr. 40). The claimant alleges inability to work since February 12, 2005, due to disc disease, headaches, dizziness, memory loss, and hearing loss (Tr. 135).

### Procedural History

On October 18, 2005, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 97-105). His applications were denied. ALJ Lantz McClain conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated December 27, 2007. (Tr. 9-18). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that, in light of the claimant's severe impairments of degenerative disc disease of the lumbar spine, tremor, history of closed head injury, history of nephrotomy, dysthymia, and borderline intellectual functioning, the claimant retained the residual functional capacity

(RFC) to perform sedentary work, *i. e.*, he could lift/carry ten pounds frequently, stand/walk two hours in an 8-hour workday, and sit 6 hours in an 8-hour workday. The ALJ imposed the additional limitations of performing only simple, repetitive tasks and having only incidental contact with the public. (Tr. 13). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform in the regional and national economies, *e. g.*, sedentary unskilled assembler, inspector-checker, and miscellaneous labor (Tr. 18).

## Review

The claimant contends that the ALJ erred: (i) by failing to include in his RFC restrictions arising from his severe tremor; (ii) by improperly assessing his RFC; (iii) by failing to develop the record; and (iv) by failing to properly assess his credibility. Because the ALJ did not include the claimant's severe impairment of a tremor in his RFC assessment, the decision of the Commissioner must therefore be reversed.

On December 7, 2005, consultative examiner Dr. Wojciech Dulowski assessed the claimant as having, among his other physical problems, an extreme tremor in his right upper extremity. (Tr. 202-03). In contrast, consultative examiner Dr. Michael Karathanos examined the claimant on September 20, 2007, and reported that he "d[id] not detect any spasticity, rigidity, or any definite involuntary movements, tremors, atrophy, or fasciculations." (Tr. 267). The claimant testified at the administrative hearing that he has had a tremor for over a year causing him to start shaking, and he does not know whether it is from pain or anxiety. (Tr. 39).

In his RFC assessment, the ALJ did not specifically address the evidence as to the claimant's tremor.   The ALJ summarized the claimant's testimony, including his statements about his tremor, and noted both Dr. Dulowski and Dr. Karathanos's examinations and findings.  (Tr. 14-15).    He therefore found that "[t]he record fails to demonstrate the presence of any pathological clinical signs, significant medical findings, or any neurological abnormalities which would establish the existence of a pattern of pain of such severity as to prevent the claimant from engaging in any work on a sustained basis."  (Tr. 16).

Although the ALJ found the claimant's tremor constituted a severe impairment at step two, he failed to included any limitations on the claimant's use of his hands in the RFC assessment at step four (Tr.14-17).  An explanation should be provided when, as here, an impairment found to be severe at step two is determined to be insignificant in later stages of the sequential evaluation.  *See Timmons v. Barnhart*, 118 Fed. Appx. 349, 353 (10th Cir. 2004) (finding the ALJ should have "explained how a 'severe' impairment at step two became 'insignificant' at step five.") [unpublished opinion]; *see also Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) ("In deciding Ms. Hamby's case, the ALJ concluded that she had many severe impairments at step two.  He failed to consider the consequences of these impairments, however, in determining that Ms. Hamby had the RFC to perform a wide range of sedentary work.") [unpublished opinion].  The ALJ should have explained why the claimant's tremor did not call for corresponding physical limitations to his hands in the RFC, as well as why he rejected the probative evidence from Dr. Dulowski as to the claimant's tremor.  *See Clifton v. Chater*, 79 F.3d 1007, 1010

(10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence that he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir 1984).

Because the ALJ failed to explain how the claimant's severe impairment of a tremor at step two became so insignificant as to require no limitations in his RFC at step four, the Commissioner's decision should be reversed and the case remanded to the ALJ for further analysis.   If such analysis on remand results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence.   The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings.   Any objections to this Report and Recommendation must be filed within fourteen days.   *See* Fed. R. Civ. P. 72(b).

**DATED** this 13th day of September, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma